IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Aispuro,<br><br>               Petitioner,<br><br>v.<br><br>Katrina S Kane, et al.,<br><br>               Respondents. | No. CV-13-01252-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner Daniel Aispuro, through counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the Department of Homeland Security (DHS) during removal proceedings. (Doc. 1.) Petitioner seeks a bond redetermination hearing. (Doc. 1 at 13-14.) Respondents filed a response and motion to stay asserting that the Petition is moot because a bond redetermination hearing was scheduled for September 2013. (Doc. 8 at 8.) The Court denied the motion to stay and directed Respondents to file a supplemental response. (Doc. 9.) The Court advised Petitioner that he could file a combined reply to the response and supplemental response. (*Id*. at 2.)

      On October 21, 2013, Respondents filed a supplemental response arguing that the Petition is moot because a bond redetermination was held on September 25, 2013 and, therefore, Petitioner had been granted all of the relief he was seeking. (Doc. 13 at 2,

Ex. 1.) Petitioner has not filed a reply, and the time to do so has passed.[1] For the reasons set forth below, the Petition should be denied as moot.

## I.  Background

Petitioner Daniel Aispuro is a native and citizen of Mexico.  Petitioner asserts that he was admitted to the United States with a nonimmigrant visa on or about September 1, 1996 near Tecate, California. (Respondents' Ex. A.)[2]  On December 3, 2011, Petitioner came into DHS's custody following his detention at the Pinal County Jail in Florence, Arizona.  The DHS could not find any records of Petitioner's claimed lawful entry. (Respondents' Ex. B.)  On December 5, 2011, DHS placed Petitioner in removal proceedings through the issuance of a Notice to Appear (NTA) charging him with inadmissibility pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (Act or INA), as an alien present in the United States who had not been admitted or paroled. (Respondents' Ex. C.)

On December 16, 2011, the Immigration Judge ordered Petitioner released from custody under a $3,000.00 bond. (Respondents' Ex. D.)  On January 3, 2012, the Immigration Judge denied Petitioner's request for a "subsequent bond redetermination hearing." (Respondents' Ex. E.)  On January 31, 2012, DHS filed a motion to administratively close removal proceedings because Petitioner had been transferred to the custody of another law enforcement agency. (Respondents' Ex. F.)  On February 1, 2012, the Immigration Judge granted the motion to administratively close removal proceedings. (Respondents' Exs. F, G.)

On March 20, 2012, Petitioner was convicted in the Superior Court of Arizona, Pinal County of possession of drug paraphernalia, a class six felony, in violation of

---

[1] Although Petitioner did not file reply in this case, following the September 25, 2013 bond redetermination hearing, he commenced two separate § 2241 cases in this Court challenging his continued detention by the Department of Homeland.  *See* 13cv1986-PGR (BSB) and 13cv2243-PHX-PGR (BSB).  Plaintiff is represented by counsel in those cases.

[2] Citations to "Respondents' Ex." are to the exhibits attached to Respondents' Response to Petition for Writ of Habeas Corpus, located at Doc. 8.

Arizona Revised Statutes § 13-3415 (A), committed on December 1, 2011. The court sentenced Petitioner to eleven months' imprisonment. (Respondents' Ex. H.)

On September 14, 2012, Petitioner came into DHS's custody following his incarceration on the state felony drug conviction. (Respondents' Ex. I.) On September 24, 2012, Petitioner filed a motion for a bond hearing. (Respondents' Ex. J.) On October 5, 2012, DHS filed a Form I-261, Additional Charges of Inadmissibility/Deportability, charging Petitioner with being inadmissible to the United States pursuant to section 212(a)(2)(A)(i)(II) of the Act, as an alien who has been convicted of "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." (Respondents' Ex. K.) On October 22, 2012, Petitioner appeared for a bond hearing. At that hearing, the Immigration Judge denied Petitioner's request for change in custody status on the ground that he was subject to mandatory detention "due to notice of criminal conviction." (Respondents' Ex. L.)

On December 3, 2012, Petitioner submitted evidence to DHS that he was admitted to the United States with a nonimmigrant visa on or about August 16, 1996. (Respondents' Ex. M.) At a removal hearing on January 15, 2013, DHS filed a Form I-261, Additional Charges of Inadmissibility/Deportability, charging Petitioner with being removable from the United States pursuant to section 237(a)(1)(B) of the Act, as an alien who after admission has remained in the United States longer than permitted, in violation of the Act, and pursuant to section 237(a)(2)(B)(i), as an alien who has been convicted of "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." (Respondents' Ex. N.)

At a removal hearing on February 27, 2013, the Immigration Judge sustained both charges of removability on the January 15, 2013 Form I-261, denied Petitioner's application for voluntary departure, and ordered Petitioner removed to Mexico. (Respondents' Exs. N, O.) On March 12, 2013, Petitioner filed an appeal with the Board

of lmmigration Appeals (BIA).  On June 11, 2013, the BIA remanded Petitioner's case to the Executive Office of Immigration Review due to an error with the transcript of the February 27, 2013, hearing.  (Respondents' Ex. Q.)  On July 3, 2013, after locating the recording of the February 27, 2013 proceeding, the Immigration Judge recertified Petitioner's order of removal to Mexico.  Petitioner filed an appeal with the BIA on July 9, 2013, and that appeal was pending when Petitioner filed the now pending Petition before this Court.  (Respondents' Exs. R, S.)

After Petitioner filed the pending Petition, the Immigration Judge held a bond redetermination hearing on September 25, 2013.  (Doc. 13, Ex. 1.)  The Immigration Judge denied Petitioner's request for a change in custody status.  (*Id*.)

**II.   Analysis**

Respondents argue that the Petition is moot because Petitioner has been afforded the relief he sought, a bond redetermination hearing.  Petitioner has not filed a reply.  As set forth below, the Petition in this case is moot and therefore, should be denied.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to hear 'Cases' and 'Controversies.'"  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  An actual case or controversy must exist at all stages of judicial review.  *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed when movant, who challenged his bond determination, had been deported because the relief he requested, reduction of his bond, could no longer be effected.)  This limitation restricts the jurisdiction of the federal courts to cases on which there is a possible judicial resolution.  *Geraghty*, 445 U.S. at 395.  This Court lacks jurisdiction to review moot issues.  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies.").  An action is moot when the parties lack a legally cognizable interest in the outcome.  *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

- 4 -

Here, Petitioner challenges his continued detention by DHS and seeks a bond redetermination hearing. Because Petitioner has been afforded a bond redetermination hearing, the relief he requests can no longer be effected. Petitioner has not filed a reply and has not presented any arguments *in this case* that the bond redetermination hearing was inadequate. Therefore, no "case or controversy" remains and the Petition is moot. *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

Accordingly,

**IT IS RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

1    Failure to file timely objections to any factual determination of the Magistrate
2 Judge may be considered a waiver of a party's right to appellate review of the findings of
3 fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.
4 *See* Fed. R. Civ. P. 72.

5    Dated this 27th day of November, 2013.

*[Signature]*
Bridget S. Bade
United States Magistrate Judge